**FILED**

at ___ O'clock & ___ min ___

DEC 22 2006

United States Bankruptcy Court
Columbia, South Carolina (s)

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| In re, | C/A No. 05-15042-JW |
| Derivium Capital, LLC, | Chapter 7 |
| Debtor(s). |  |
| Kevin Campbell, Trustee, |  |
| Plaintiff(s), | Adv. Pro. No. 06-80163-JW |
| v. | **ORDER** |
| Charles Cathcart, Scott Cathcart, Yuri Debevc, Veristeel, Inc, Veridia Solutions LLC, Derivium Capital (USA), Inc., |  |
| Defendant(s). |  |

**ENTERED**

DEC 22 2006

K.R.W.

This matter comes before the Court on Motion to Dismiss or in the Alternative for Summary Judgment (the "Motion") filed by Veristeel, Inc. ("Veristeel"). Plaintiff, Kevin Campbell, Chapter 7 Trustee of the Estate of Derivium Capital, LLC (the "Trustee"), filed an objection to the Motion (the "Objection"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), (H), and (O). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1.    Derivium Capital, LLC ("Debtor") filed the above-captioned bankruptcy case as a case under Chapter 11 of the Bankruptcy Code on September 1, 2005 in the United States Bankruptcy Court for the Southern District of New York.

---

[1]    To the extent any of the Findings of Fact constitute Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law constitute Findings of Fact, they are so adopted.

2.      The Bankruptcy Court in New York subsequently converted this case to a case under Chapter 7 and transferred venue to this District.

3.      On November 7, 2005, the Trustee was appointed as the Chapter 7 trustee for Debtor.

4.      On August 10, 2006, the Trustee filed the Complaint in this adversary. The Trustee seeks relief against Veristeel and others under twenty-three causes of action.

5.      The Complaint arises out of Debtor's operation of a stock-loan program operated pre-petition and the alleged misappropriation by Veristeel and others of funds received by Debtor.

6.      Veristeel timely moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) and (7), made applicable to this proceeding by Fed. R. Bankr. P. 7012., on the grounds more fully set forth herein.

7.      The Court entered a Scheduling Order on November 13, 2006. The deadline to conduct discovery lapses on February 23, 2007.

## CONCLUSIONS OF LAW

### *Motion to Dismiss*

In deciding a Rule 12(b)(6) motion to dismiss, a court must take all well-pleaded material allegations of a complaint as admitted and view them in the light most favorable to the pleader—in this case the Trustee. See De Sole v. U.S., 947 F.2d 1169, 1171 (4th Cir. 1991) (citing Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848 (1969)). A Rule 12(b)(6) motion should not be granted unless it "appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved at trial in support of his claim." Rogers v. Jefferson Pilot Life Insurance Co., 883 F.2d 324, 325 (4th Cir. 1989) (citing Johnson v. Mueller,

415 F.2d 354, 355 (4th Cir. 1969)). The function of a motion to dismiss is to test "the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." See Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).   When reviewing the Motion, it is inappropriate for the Court to consider facts outside of the Complaint, as its inquiry is limited to whether the Trustee's allegations constitute a short and plain statement of the claim showing that he is entitled to relief. See Colleton Regional Hosp. v. MRS Medical Review Systems, Inc., 866 F.Supp. 891, 893 (D.S.C. 1994).

In general, Veristeel asserts that the Trustee's Complaint fails to sufficiently plead a cause of action against it.  Fed. R. Civ. P. 8 and 9, made applicable to this proceeding by Fed. R. Bankr. P. 7008 and 7009, provide the applicable standards for the Trustee's pleading.  Rule 8(a) provides that a "pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. (8)(a).  The Supreme Court has stated that the express language of Rule 8(a) requires that a complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. at 514.  In order to determine whether Veristeel should prevail in its Motion, the Court shall review each cause of action individually and determine whether the allegations asserted in the Complaint are sufficient to state a claim.

I.      **Section 542 Turnover and Declaratory Relief**

Section 542 requires an entity in possession, custody, or control of property that the trustee may use, sell, or lease under § 363, or that the debtor may exempt under § 522, to deliver such property to the trustee.  11 U.S.C. § 542.[2]  The Trustee alleges in the First Cause of Action that a substantial portion of Debtor's assets have been transferred directly or indirectly to the Individual Defendants[3] or to entities in which the Individual Defendants own beneficial interests, including without limitation the Corporate Defendants.[4]  The Trustee further alleges that the assets transferred to Veristeel were purchased using a portion of the Net Proceeds and constitute assets of the Estate.[5]

The Trustee asserts that a substantial portion of the Net Proceeds was transferred to a number of South Carolina start-up companies.  The Trustee further asserts that Veristeel obtained assets originally owned by Scienda, one of the start-up companies, after Scienda voluntarily surrendered substantially of its assets to Charles Cathcart while in bankruptcy.[6]  The Trustee alleges that the Scienda assets were funneled through Spencer Partners and its affiliate, Spencer Venture Partners, LLC, before finding their way to Veristeel.[7]

The Court finds that these allegations are sufficient to state a claim against Veristeel under §542.  Specifically, the Trustee has alleged facts that, if true, would indicate that Veristeel has possession, custody, or control of assets that may be property of the Estate and thus subject

---

[2] Future references to the Bankruptcy Code shall be by section number only.

[3] "Individual Defendants" is defined in the Trustee's Complaint as including Charles Cathcart, Scott Cathcart, and Yuri Debevc.

[4] "Corporate Defendants" is defined in the Trustee's Complaint as including Derivium Capital (USA), Inc., Veristeel and Veridia Solutions, LLC.

[5] "Net Proceeds" is defined in the Trustee's Complaint as the proceeds remaining after Debtor sold the stock and used the stock sale proceeds to fund the loans to the borrowers.  The Trustee alleges that the difference between the loan proceeds and the value of the collateral was approximately $100 million.  This amount would constitute the "Net Proceeds."

[6] Charles Cathcart apparently held a first position security interest in those assets.

[7] Veristeel responds that it paid value for the assets, but because this information is outside of the Trustee's Complaint, it would be inappropriate for the Court to consider this information in resolving the 12(b)(6) motion.

to the Trustee's powers under § 363. Therefore, the Court denies the Motion with respect to the

Trustee's First Cause of Action.

**II.      Section 544(b)/S.C. Code § 27-23-10 Actual Fraud & Constructive Fraud**

Section 544(b) gives the Trustee the same rights to avoid transfers of an interest of the

debtor in property that an actual unsecured creditor would have under applicable law.  In his

Second and Third Causes of Action, the Trustee is seeking to avoid the transfers of Debtor's

assets to Veristeel under the South Carolina Statute of Elizabeth, codified at S.C. Code § 27-23-

10 (West 2006), on the ground that those transfers were fraudulent.

S.C. Code § 27-23-10 provides in pertinent part:

> Every ... conveyance of lands, tenements or hereditaments, goods and chattels or
> any of them ... by writing or otherwise ... which may be had or made to or for
> any intent or purpose to delay, hinder, or defraud creditors and others of their just
> and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures must
> be deemed and taken ... to be clearly and utterly void, frustrate and of no effect,
> any pretense, color, feigned consideration, expressing of use, or any other matter
> or thing to the contrary notwithstanding.

Under a fraudulent transfer theory, an existing creditor may avoid a transfer if it can establish

three things: "(1) the transfer was made by the grantor with the actual intent of defrauding its

creditors; (2) the grantor was indebted at the time of the transfer; and (3) the grantor's intent is

imputable to the grantee." In re J.R. Deans Co., 249 B.R. 121, 130 (Bankr. D.S.C. 2000)(quoting

Mathis v. Burton, 460 S.E.2d 406, 408 (Ct. App. 1993)).  Under a constructive fraud theory, an

existing creditor may avoid a transfer if it can establish that:

> (1) the grantor was indebted to him at the time of the transfer; (2) the conveyance
> was voluntary; and (3) the grantor failed to retain sufficient property to pay the
> indebtedness to the plaintiff in full – not merely at the time of the transfer, but in
> the final analysis when the creditor seeks to collect his debt.

Id.

In support of his claim for actual fraud under S.C. Code § 27-23-10, the Trustee alleges the following:

(1) the transfers of Debtor's assets to the Corporate Defendants were made with the intent to disturb, hinder, delay, or defraud the rights of creditors of Debtor and such intent is imputable to the grantee of such transfers;

(2) Debtor was indebted at the time of the transfers; and

(3) the transfers were made to an insider.

In support of his claim for constructive fraud under S.C. Code § 27-23-10, the Trustee alleges the following:

(1) Derivium's assets were transferred to or by the Individual Defendants and/or the Corporate Defendants, including without limitation transfers of the Net Proceeds to the Individual Defendants and/or to entities in which the Individual Defendants own a beneficial interest;

(2) Derivium was indebted at the time of the transfers;

(3) Such transfers were made to an insider;

(4) Derivium failed to retain sufficient property to repay its debts at all times relevant hereto; and

(5) Such transfers were made for no or nominal consideration and were voluntary.

Because the Trustee alleges fraud, his claim is subject to Rule 9(b), F.R.C.P, which requires that he plead fraud with particularity. Harrison v. Westinghouse Savannah River Co., 176 F.3d. 776, 784 (4th Cir. 1999). The Complaint must specify the details of the alleged fraud – including, for example, the time, place, particular individuals involved, and specific conduct at issue. See id.; see also Luce v. Edelstein, 802 F.2d 49, 54 n.1 (2d Cir. 1986). Rule 9(b) has four

purposes: (1) the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of; (2) the rule exists to protect defendants from frivolous suits; (3) the rule eliminates fraud actions in which all the facts are learned after discovery; and (4) the rule protects defendants from harm to their goodwill and reputation. Harrison, 176 F.3d at 784.

This Court is not satisfied that the Trustee's Complaint meets the heightened standard of Rule 9(b), F.R.C.P. with respect to these claims. While malice, intent, knowledge, and other conditions of the mind of a person may be averred generally, the remaining allegations of the claim must be pled with specificity. Rule 9(b), F.R.C.P. The Complaint fails to allege specific facts to support a claim for violation of § 27-23-10. Specifically, the Trustee has failed to allege the approximate dates of the transfers and the particular individuals or entities involved.[8] The Trustee's Complaint sets forth only conclusory allegations, which do not give Veristeel fair notice of the grounds upon which the Trustee's claim rests.[9]

For these reasons, the Court grants the Motion with respect to the § 544(b) causes of action, but the Trustee shall be given leave to amend his Complaint with regard to his § 544(b) claims against Veristeel to conform properly to the requirements under Rule 9(b), F.R.C.P.

---

[8] Further, the Trustee has failed to specify those creditors with allowed claims that provide him with standing to assert this Statute of Elizabeth action. Section 544(b) gives the Trustee no independent power to challenge an allegedly invalid transfer. The Trustee's rights are dependent upon the rights of actual creditors possessing claims that are allowable in bankruptcy. Thus, the Court must make an initial determination of whether there is a creditor with an allowed claim who provides the Trustee standing to assert the Statute of Elizabeth action. In re J.R. Deans Co., 249 B.R. at 129.

[9] The Trustee argues that a more relaxed standard of pleading should apply to their fraud claims, citing Sigmon v. Esposito, 2002 Bankr. LEXIS 1876, *5 (Bankr. W.D.N.C.2002), an unpublished decision. The rationale for relaxing the particularity requirement for a trustee is that he inevitably has a lack of knowledge concerning the acts of fraud committed against the debtor, a third party. Even if the Court were to apply a relaxed standard, a complaint like the Trustee's, which fails to allege any specific facts supporting an inference of knowledgeable participation by Veristeel in the alleged fraud, would not suffice.

**III.    Section 548 Actual Fraud & Constructive Fraud**

The Trustee's Fifth and Sixth Causes of Action allege claims for actual fraud under

§ 548(a)(1)(A) and constructive fraud under § 548(a)(1)(B).[10]  A trustee may bring an action

under § 548 to avoid any transfer of an interest of the debtor in property made within one year

before the date of the filing of the petition.  The statute sets forth the elements that need to be

proven in order for the Trustee to avoid the transfer under each part.[11]

The Trustee has alleged the following in support of his § 548(a)(1)(A) claim:

(1) Within one year before the filing of the Petition, the Individual Defendants and/or

Corporate Defendants were the transferees of the property of the Debtor.

(2) Such transfers were made with the actual intent to hinder, delay, or defraud creditors

of the Debtor.

In support of his § 548(a)(1)(B) claim, the Trustee has alleged the following:

(1) Within one year before the filing of the Petition, the Individual Defendants and/or

Corporate Defendants were the transferees of property of the Debtor;

(2) The Debtor received inadequate consideration for said transfers;

---

[10] The Fourth, Ninth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, and Twenty-Third Causes of Action are alleged against the Individual Defendants only.

[11] The version of Section 548 that is applicable in this case provides in pertinent part:

   (a) (1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 1 year before the date of the filing of the petition, if the debtor voluntarily or involuntarily —

   (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

   (B)

   (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

   (ii)    (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

   (II)    was engaged in business or a transaction or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

   (III)    intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

8

(3) The Debtor was insolvent on the date of such transfers and retained insufficient

capital to honor its debts and obligations.

A claim for actual fraudulent transfer pursuant to § 548(a)(1)(A) must satisfy the

particularity requirements of Fed. R. Civ. P. 9(b). In re Verestar, Inc., 343 B.R. 444, 459 (Bankr.

S.D.N.Y. 2006).  However, because the claim for constructive fraud under § 548(a)(1)(B) is

based on the transferor's financial condition and the sufficiency of consideration provided by the

transferee, rather than fraud, the pleading with particularity requirement of Rule 9(b) does not

apply to the § 548(a)(1)(B) cause of action. See id.

In this case, the Court finds that the allegations with respect to the § 548(a)(1)(A) cause

of action fail to satisfy the particularity requirements of Rule 9(b).  Specifically, the Complaint

merely tracks the language of the statute and fails to specify any facts in support of its

allegations.  Accordingly, the Court grants the Motion with respect to the § 548(a)(1)(A) cause

of action, but the Trustee shall be given leave to amend his Complaint with regard to this claim

to conform properly with the requirements under Rule 9(b), F.R.C.P

The Court, however, finds that the allegations set forth in the § 548(a)(1)(B) cause of

action are sufficient to state a claim because the heightened particularity requirement does not

apply.  If these allegations are true, the Trustee would be entitled to avoid the transfer pursuant to

§ 548(a)(1)(B).  Accordingly, the Court denies the Motion with respect to the Trustee's Sixth

Causes of Action.

**IV.    Section 547 Preference**

In his Seventh Cause of Action, the Trustee asks the Court to declare that the transfer of

Debtor's property to Veristeel was void as a preferential transfer in violation of § 547(b). This

section provides the Trustee with the authority to avoid any pre-petition transfer that meets the

9

requirements outlined in the section. More particularly, § 547(b) provides that the Trustee may avoid any transfer of an interest of the debtor in property that is made:

    (1) to or for the benefit of a creditor;

    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;

    (4) made—

        (A) on or within 90 days before the date of the filing of the petition; or

        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5) that enables such creditor to receive more than such creditor would receive if—

        (A) the case were a case under chapter 7 of this title;

        (B) the transfer had not been made; and

        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

In support of his § 547 claim, the Trustee alleges the following:

(1) Property of Derivium was transferred to the Corporate Defendants within one year before the filing of the Petition and/or transfers were made to third parties in order to benefit the Individual Defendants and/or Corporate Defendants;

(2) the Corporate Defendants are insiders;

(3) the transfers were made for or on account of antecedent debts owed by Derivium;

(4) Derivium was insolvent at the time of such transfers; and

(5) Such payments allowed the Corporate Defendants to receive more than they would have received under chapter 7 of the Bankruptcy Code if the transfers had not been made.

Veristeel argued at the hearing on this matter that the Trustee has failed to state a claim under § 547 because he failed to allege that Veristeel is a creditor of Debtor.[12] A transfer may be a preference if it is either to a creditor *or to another party for the benefit of the creditor.* Hovis v.

---

[12] "Creditor" is defined under § 101(10) as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor, an entity that has a claim against the estate of the kind specified in §§ 348(d), 502(f), 502(g), 502(h) or 502(i), or an entity that has a community claim. §101(10).

<u>Powers Construction Co. (In re Hoffman Associates)</u>, C/A No. 90-02419, Adv. No. 91-8293, slip op. at 2 (Bankr. D.S.C. January 6, 1995)(emphasis added). While the Trustee did not allege in his Complaint that Veristeel has a claim of any kind against the Debtor, the Trustee did allege that property of Derivium was transferred to third parties in order to benefit the Individual Defendants. For this reason, it appears to this Court that the Trustee could prove a set of facts in support of his claim that would entitle him to relief. Accordingly, Veristeel's Motion is denied with respect to the Trustee's Seventh Cause of Action.

## V.    Section 549

In the Trustee's Eighth Cause of Action, he seeks to avoid post-petition transfers of estate property to Veristeel. Section 549 allows the Trustee to avoid any unauthorized transfers of estate property that occurs after the commencement of the estate. To the extent that a transfer is avoided under § 549, the Trustee may recover, for the benefit of the estate, the property transferred or the value of the property transferred from the "initial transferee of such transfer or the entity for whose benefit such transfer such transfer was made." § 550(a)(1). The Trustee alleges that "the Individual Defendants and/or Corporate Defendants caused assets of the Debtor to be transferred and/or received assets of the Debtor after the commencement of this case and that these transfers were made "without permission of the Court and are not authorized by the Bankruptcy Code." Further, the Complaint alleges that the Net Proceeds, which the Trustee claims is an asset belonging to Debtor, was used by Scienda to purchase assets that were ultimately transferred to Veristeel.

The Court finds that these allegations are sufficient to state a claim under § 549. Specifically, the Trustee has alleged facts that, if true, make it appear that a judgment for a § 550 recovery against Veristeel, as an immediate or mediate transferee of an initial transferee, is

possible pursuant to a § 549 action. Accordingly, Veristeel's motion to dismiss is denied with respect to the Trustee's Eighth Cause of Action.

## VI.    Alter Ego/Avoiding Corporate Form

In his Tenth Cause of Action, the Trustee claims the corporate form of the Corporate Defendants should be ignored on the ground that each is the alter ego of the Debtor. The courts in South Carolina recognize that a corporation is an entity, separate and distinct from its officers and stockholders, and that its debts are not the individual indebtedness of its stockholders. DeWitt Truck Brokers, Inc., v. W. Ray Flemming Fruit Co., 540 F.2d 681, 683 (4th Cir. 1976). However, the concept of a separate entity is a legal fiction that the courts will disregard whenever recognition of the corporate form would produce injustices or inequitable consequences. Id. Courts may pierce the corporate veil and treat the corporation and its stockholders as identical in appropriate cases and in furtherance of the ends of justice. Id.

The alter ego theory may be asserted where all or almost all of the corporate stock is owned by one individual or a few individuals. The mere fact that a single individual has substantial ownership of all the stock of a corporation is not by itself a sufficient ground to disregard the corporate form; however, the corporate form may be disregarded if such ownership is combined with other factors, such as gross undercapitalization, failure to observe corporate formalities, non-payment of dividends, insolvency of the corporation, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders. Id. at 686-87. The decision to disregard the corporate form must involve a number of these factors. Additionally, the plaintiff must demonstrate that an element of injustice or fundamental unfairness exists. Id. at 687.

12

The Court finds that the Trustee has alleged facts that, if true, would allow the court to disregard the corporate form of Veristeel and hold Veristeel liable for the debts and liabilities of the Debtor under an alter ego theory. Specifically, the Trustee has alleged that there is unity of ownership between Debtor and Veristeel. The Trustee has also pled sufficient facts showing that several of the other factors may be present, including failure to observe corporate formalities, gross undercapitalization, siphoning of funds, and insolvency. The Trustee has further alleged that "injustice and fundamental unfairness would result if the assets of the Corporate Defendants are not made available to Debtor's creditors." Accordingly, Veristeel's Motion is denied with respect to the Trustee's Tenth Cause of Action.

## VII.    Substantive Consolidation

Trustee's Eleventh Cause of Action seeks the remedy of substantive consolidation on the ground that the affairs of Debtor and Veristeel are so entangled that their pre-petition operations were as a single entity for all practical purposes. Substantive consolidation is an action allowed by the broad equitable powers of 11 U.S.C. § 105. See Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 218, 61 S.Ct. 904, 85 L.Ed. 1293 (1941) (affirming the lower court's order consolidating the estate of debtor with that of another entity); Stone v. Eacho, 127 F.2d 284 (4th Cir. 1942), In re Bonham, 226 B.R. 56, 75 (Bankr. D. Alaska 1998) (consolidating the estate of a non-debtor with that of the debtor *nunc pro tunc*) (aff'd Alexander v. Compton (In re Bonham), 229 F.3d 750 (9th Cir. 2000)). This Court has previously utilized the test adopted in the Second Circuit to determine whether to substantively consolidate a debtor's estate with a related entity. See In re Keene Properties of South Carolina, C/A No. 04-06897-W, slip op. (Bankr. D.S.C. Dec. 4, 2004) (citing Augie/Restivo Banking Co. Ltd, 860 F.2d 515, 518 (2nd Cir. 1988)). Under this test, substantive consolidation is appropriate when 1) creditors dealt with the entities

13

as a single economic unit and did not rely on separate identities in extending credit or 2) when the affairs of the debtor are so entangled that consolidation will benefit all creditors. See id. A cause of action for substantive consolidation may be dismissed from a complaint if there are insufficient allegations of entanglement or creditor reliance. See Verestar, Inc., 343 B.R. at 462-463.

In this case, the Trustee has sufficiently alleged a substantial pre-petition entanglement of Debtor's and Veristeel's financial interest so that substantive consolidation may be an appropriate remedy if the allegations are true. The Trustee has also sufficiently made allegations of alter ego behavior, fraud, and intermingling of assets to show that substantive consolidation would be fair and just. See Bonham, 226 B.R. at 95. Therefore, the Court denies Veristeel's Motion with respect to the Trustee's substantive consolidation cause of action.

## VIII.   Conversion

In the Twelfth Cause of Action, the Trustee alleges that the Corporate Defendants wrongfully converted Debtor's assets. To state a claim for conversion against Veristeel, the Trustee must allege facts showing that (1) the Trustee has an interest in the property allegedly converted; (2) Veristeel converted the property to its own use, to the exclusion of the Trustee's interests; and (3) Veristeel's use was without the Trustee's permission. See Newman Grill Sys., LLC v. Ducane Gas Grills, Inc. (In re Ducane Gas Grills, Inc.) Part I, C/A No. 03-15219-W, Adv. Pro. No. 04-80160, slip op. (Bankr. D.S.C. Nov. 15, 2004)(citing Crane v. Citicorp Nat'l Servs., Inc., 437 S.E.2d 50 (1993)(superceded by statute on other grounds); Owens v. Andrews Bank & Trust Co., 220 S.E.2d 116 (1975)).

The Court finds that the Trustee has alleged sufficient facts to state a claim for conversion. Specifically, the Trustee has alleged that (1) he is the owner and administrator of

Debtor's assets, (2) Veristeel took possession and control of Debtor's assets and put them to its use without the Trustee's permission, and (3) such use was to the exclusion of the interests of the Trustee in those assets. These allegations, if true, make it appear that the Trustee could recover a judgment against Veristeel for this cause of action.

## IX.    *Quantum Meruit*

The Trustee's Thirteenth Cause of Action is a claim based upon the equitable theory of *quantum meruit*. "[R]ecovery under *quantum meruit* is based on a quasi-contract theory, the elements of which are: "(1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value." Trident Const. Co., Inc. v. Austin Co., 272 F.Supp.2d 566, 577-78 (D.S.C.,2003)(citing Myrtle Beach Hosp., Inc. v. City of Myrtle Beach, 341 S.C. 1, 532 S.E.2d 868, 872 (2000)).

The Trustee alleges that the Corporate Defendants acquired property of Debtor or valuable services from Debtor through the use of funds from Debtor's stock loan program and retained the benefits of such property or services. He further alleges that the Corporate Defendants realized the benefit of such property or services and that it would be inequitable for them to retain such property or services without paying for them.

The Court finds that these allegations are sufficient to state a claim for *quantum meruit* against Veristeel. Accordingly, the Court denies Veristeel's Motion with respect to the Trustee's Thirteenth Cause of Action.

## X.    Constructive Trust

In the Fourteenth Cause of Action, the Trustee asks that the Court to recognize a constructive trust on Debtor's property currently held by Veristeel for the benefit of Debtor on

the grounds that Veristeel acquired such property under circumstances making it inequitable for

Veristeel to retain the property without paying for it.   This court has previously summarized

South Carolina law regarding constructive trusts:

> A constructive trust results from fraud, bad faith, abuse of confidence or violation
> of a fiduciary duty which gives rise to an obligation in equity to make restitution.
> Searson v. Webb, 208 S.C. 454, 38 S.E.2d 654 (1946), cited in Lollis v. Lollis,
> 291 S.C. 525, 354 S.E.2d 559 (1987))....Where a party obtains legal title to
> property which he is not equitably entitled to retain against another who obtains
> beneficial ownership, then a constructive trust will be imposed by operation of
> law to protect the interest of the beneficial owner.  Wolfe v. Wolfe, 215 S.C. 530,
> 56 S.E.2d 343 (1949).  The test employed by South Carolina courts in deciding
> whether a constructive trust should be imposed is simply whether the contested
> property is acquired under circumstances rendering it inequitable that the property
> should be retained by the holder of bare legal title as against the equitable owner.

In re Blackwell, No. 98-02748, 1998 WL 2017334, at *3 (Bankr. D.S.C. Sept. 2, 1998).

The Trustee alleges that the Corporate Defendants engaged in conduct constituting fraud,

bad faith, abuse of confidence or violation of fiduciary duty with respect to the Debtor and

acquired Debtor's property pursuant to this conduct.  The Court finds that these allegations, if

true, would indicate that the Debtor's property was acquired by Veristeel under circumstances

making it inequitable for Veristeel to retain such property without paying for it.  Accordingly,

the Court finds that the Trustee has alleged sufficient facts to state a claim for a constructive trust

and thus denies Veristeel's Motion with respect to this cause of action.

## XI.    Accounting

The Trustee seeks an accounting in his Fifteenth Cause of Action on the grounds that

assets of Debtor have been transferred to or by the Corporate Defendants and these assets

constitute property of the estate.  An accounting is an equitable remedy designed to prevent

unjust enrichment by disclosing and requiring and relinquishment of profits received as a result

of a breach of a confidential or fiduciary duty. B.W. Rogers v. Salisbury Brick Corp., 299 S.C.

141, 144, 382 S.E.2d 915, 917 (1989). The Trustee has alleged that Veristeel holds assets

belonging to Debtor and constituting assets of the estate. These facts, if true, would allow the

Court in its equitable jurisdiction to order Veristeel to provide an accounting of all assets of

Debtor transferred to Veristeel. Therefore, the Court denies Veristeel's Motion with respect to

its cause of action for an accounting.

## XII.   Injunction

The Trustee's Sixteenth Cause of Action seeks injunctive relief, pursuant to § 105(a),

Fed. R. Bankr. P. 7001(7), 7065, and Fed. R. Civ. P. 65, against Veristeel to protect any possible

property of the estate in the hands of Veristeel and prevent the dissipation of such property. In

support of this claim, the Trustee asserts that (1) there is a threat of irreparable injury to the

Debtor if the injunction is not granted; (2) there is minimal likelihood of harm to Veristeel; (3)

the Trustee will likely succeed on the merits; and (4) there is an impact on the public interest.

"Section 105, in conjunction with Federal Rule of Civil Procedure 65(b), made applicable

herein by Federal Rule of Bankruptcy Procedure Rule 7065, gives this Court the power to issue a

preliminary injunction if it clearly appears from specific facts that immediate and irreparable

injury, loss, or damage will result to the applicant." McGuffin v. Barman (In re BHB Enterprises,

LLC), No. No. 97-01975, Adv. No. 97-80201, 1997 WL 33344249, *7 (Bankr.D.S.C. Aug. 27,

1997 (citing 11 U.S.C. § 105; see Caplan v. Fellheimer Eichen Braverman & Kapskey, 68 F.3d

828, 839 (3d Cir.1995) (purpose of a preliminary injunction is to prevent irreparable injury

pending a decision on the merits)). This court has previously stated:

> When considering Trustee's request for a preliminary injunction, the Court must
> consider:
> 1. the likelihood of irreparable harm to plaintiff if the preliminary injunction is not
> issued;
> 2. the likelihood of harm to defendant if the preliminary injunction is issued;
> 3. the likelihood that, when the case is finally heard, plaintiff will succeed on the

merits; and

4. the public interest.

Id. (citing Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir.1991); L.J. By and Through Darr v. Massinga, 838 F.2d 118, 120 (4th Cir.1988), *cert. denied, sub nom.* Massinga v. L.J., 488 U.S. 1018 (1989); Federal Leasing v. Underwriters at Lloyd's, 650 F.2d 495 (4th Cir.1981); Blackwelder Furniture Co. v. Seilig Mfg. Co. Inc., 550 F.2d 189, 195 (4th Cir.1977)).

The Court finds that the Trustee has alleged sufficient facts that, if true, could warrant the imposition of an injunction in this case. Accordingly, Veristeel's motion to dismiss is denied with respect to this cause of action.

### *Motion for Summary Judgment*

Finally, Veristeel requests, to the extent the Court looks beyond the pleadings, that the Court treat the Motion as a motion for summary judgment. Fed. R. Civ. P. 56(c), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056, provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is a favored mechanism "to secure the 'just, speedy and inexpensive determination' of a case." Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1322-23 (4th Cir. 1995) (quoting Fed. R. Civ. P. 1). However, summary judgment is generally appropriate only after adequate time for discovery. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). It is inappropriate to grant summary judgment unless the Trustee, as the nonmoving party, is provided an opportunity to discover information that is essential to his opposition. Id.

18

At the hearing, the Trustee informed the Court that he needed more time for discovery. In response, Veristeel argued that summary judgment should nevertheless be granted because the Trustee failed to submit an affidavit stating that he needed more time for discovery. The party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery." Id. "If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002). Nevertheless, the Fourth Circuit has held that summary judgment could be found premature even when the opposing party failed to file a Rule 56(f) affidavit. Id.

The Court finds that the Trustee's failure to submit a Rule 56(f) affidavit should not be determinative in this case. The Trustee has had only a short time to conduct discovery, as the Scheduling Order was entered a few weeks prior to the hearing on the Motion, and the discovery period has not yet expired. In addition, the Trustee's Complaint raises many fact-intensive issues, such as intent, that may require a substantial amount of discovery. Under these circumstances, the Court finds Veristeel's motion for summary judgment is premature, and therefore, to the extent that the Motion is based on Fed. R. Civ. P. 56, the Motion is denied with leave to re-file upon completion of discovery. See Gay v. Wall, 761 F.2d 175, 177-78 (4th Cir. 1985).

### *Leave to Amend*

Although the Court finds that several of the Trustee's claims are defective under Fed. R. Civ. P. 9(b), the Court declines to dismiss these claims with prejudice. Rule 9(b) must be read in

light of the liberal amendment provisions contained in Fed. R. Civ. P. 15. See Madison River

Management Co. v. Business Management Software Corp. 351 F.Supp.2d 436, 447-448

(M.D.N.C. 2005). Rule 15(a) gives courts the discretion to allow amendment of pleadings when

justice so requires. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91

S.Ct. 795, 28 L.Ed.2d 77 (1971). "Courts reading these two rules together have, in most

instances, granted leave to amend the deficient pleading in lieu of dismissal with prejudice."

Madison River Management, 351 F.Supp. at 448 (citing 5A CHARLES ALAN WRIGHT & ARTHUR

R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1300 (3d ed. 2004)). Although Rule 15(a)

does not set a firm deadline by which an amendment must be completed, the Court finds that

such a deadline must be consistent with the interest of justice. Considering the complicated facts

of this case, the Court finds that twenty (20) days is a reasonable and just time for the Trustee to

submit an amended complaint.

## CONCLUSION

Based upon the foregoing, the Motion is granted in part and denied in part. The Trustee

shall have twenty (20) days from the entry of this Order to amend his Complaint pursuant to the

findings of this Order. Veristeel's remaining requests for relief are denied as set forth herein.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
December 2⒉, 2006