## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Derivium Capital, LLC,<br><br><div align="right">Debtor(s).</div> | C/A No. 05-15042-JW<br><br>Chapter 7 |
| Kevin Campbell, Trustee,<br><br><div align="right">Plaintiff(s),</div><br>v.<br><br>Charles Cathcart, Scott Cathcart, Yuri Debevc,<br>Veristeel, Inc, Veridia Solutions LLC,<br>Derivium Capital (USA), Inc.,<br><br><div align="right">Defendant(s).</div> | Adv. Pro. No. 06-80163-JW<br><br>**ORDER** |

This matter comes before the Court on a Motion to Dismiss filed by Charles Cathcart and Derivium Capital (USA), Inc. and a Motion to Dismiss filed by Scott Cathcart (the moving parties are collectively referred to herein as "Movants" and their respective motions are collectively referred to herein as "Motions"). Kevin Campbell ("Plaintiff") opposes the Motions. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), (H), and (O). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

### FINDINGS OF FACT

1.      Derivium Capital, LLC ("Debtor") is a limited liability company organized under the laws of the State of South Carolina.

---

[1]      To the extent any of the Findings of Fact constitute Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law constitute Findings of Fact, they are so adopted.

2.      Scott Cathcart and Charles Cathcart held a membership interest in Debtor.

3.      Debtor filed the above captioned bankruptcy case as a case under chapter 11 of the Bankruptcy Code on September 1, 2005 in the United States Bankruptcy Court for the Southern District of New York.

4.      The Bankruptcy Court in New York subsequently converted this case to a case under chapter 7 and transferred venue to this District.

5.      Plaintiff was appointed as the chapter 7 trustee for Debtor.

6.      On August 10, 2006, Plaintiff filed the Complaint in this adversary.    The Complaint arises out of Debtor's operation of a stock-loan program operated pre-petition and the alleged misappropriation by Movants of funds received by Debtor.   Plaintiff seeks relief against the Movants and others under twenty-three causes of action.   Nine of these actions are statutory actions under §§ 510(c), 542, 544, 547, 548, 549, and 550 of the Bankruptcy Code.   Plaintiff also seeks relief under the following causes of action: piercing the corporate veil, alter ego, substantive consolidation, conversion, quantum meruit, constructive trust, accounting, injunction, breach of fiduciary duties, breach of covenant of good faith and fair dealing, negligence, deepening insolvency, civil conspiracy, and RICO.   For each action, Plaintiff has alleged that Debtor suffered damages as a result of Movants' conduct.

7.      Movants timely moved under Fed. R. Civ. P. 12(b)(1), (6), and (7), made applicable to this proceeding by Fed. R. Bankr. P. 7012, to dismiss the Complaint.        .

8.      The Court entered a Scheduling Order on November 13, 2006.   The deadline to conduct discovery is February 23, 2007.

## CONCLUSIONS OF LAW

I.    **Movants' Motions Under Rule 12(b)(1)**

    A.    **Standard For Granting the Motions Under Rule 12(b)(1)**

Article III of the Constitution requires a party to have standing to invoke the powers of a federal court. See Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). A complaint brought by a plaintiff that lacks standing may be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (finding where there is no jurisdiction "the only function remaining to the court is that of announcing the fact and dismissing the cause"): In re Student Finance Corp., 335 B.R. 539 (Bankr. D. Del. 2005). Standing requires that the party seeking relief has alleged a personal injury traceable to the conduct of another that may be redressed by the relief requested. See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471-476, 102 S.Ct. 752, 757-761, 70 L.Ed.2d 700 (1982).

Section 704(1) authorizes Plaintiff to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(1). Because claims of Debtor constitute property of a bankruptcy estate, § 704(1) grants Plaintiff the right to assert causes of action on behalf of Debtor. See 11 U.S.C. §§ 541(a)(1), 704(1). See also, Polis v. Getaways, Inc., (In re Polis), 217 F.3d 899, 901 (7th Cir.2000) (noting that § 541(a) has "uniformly been interpreted to include causes of action"). However, if a claim belongs solely to creditors, Plaintiff has no standing under 11 U.S.C. §§ 541 or 544(b) to pursue the claim unless it is assigned to him by the creditors, notwithstanding the fact that recovery may benefit creditors. See Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972); In re Bogdan, 414 F.3d 507, 513 (4th Cir. 2005). Whether a particular claim belongs to Debtor, thus constituting

3

"property of the estate," depends upon state law.  See Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132, 135 (4th Cir. 1988).

**B.    Application of Law to Complaint**

Movants assert that Plaintiff lacks standing to raises the actions sounding in fraud because these actions do not belong to Debtor but to the creditor body.  However, under both South Carolina common law and applicable statutes, Plaintiff has standing to bring the actions since these actions belong to Debtor under South Carolina law and are therefore property of the estate.  See Steyr-Daimler, 852 F.2d at 135.  First, S.C. Code Ann. § 33-44-407(b) provides Debtor with a right of action against any of its members who receive distributions of corporate property in violation of applicable law.  If the allegations in the Complaint are true, the scheme alleged by Plaintiff appears to violate S.C. Code Ann. § 33-44-406(a) in that Movants made distributions which left Debtor unable to pay its debts and with liabilities that exceeded its assets.  Plaintiff thus appears to have standing to raise the Fourth Cause of Action as he has alleged a wrong to Debtor caused by Movants' conduct, which may be redressed under applicable law.

Plaintiff also has standing to raise the remaining causes of action against the Movants sounding in fraud pursuant to S.C. Code Ann. § 33-44-104(a) (West 2006) (supplementing the South Carolina Uniform Limited Liability Company Act with principles of law and equity).[2] Under South Carolina law, a corporation has standing to sue its agents whose fraudulent or wrongful conduct causes injury to the corporation.  See Browne v. Hammett, 133 S.C. 446, 131 S.E. 612, 613 (S.C. 1926) (finding an action against the directors of a bank for negligent or wrongful acts is an action that lies with the bank and is an asset of the bank); Stewart v. Ficken,

---

[2]    The Bankruptcy Code specifically provides Plaintiff with standing to assert the avoidance actions in the First, Fifth, Sixth, Seven, and Eight Causes of Action pursuant to 11 U.S.C. §§ 547, 548, and 549.  See Delgado Oil, Inc. v. Torres, 785 F.2d 857, 861-62 (10th Cir. 1986) (holding the right to exercise avoiding powers passes to the Trustee by operation of law).

151 S.C. 424, 426, 149 S.E. 164, 165 (S.C. 1929) (holding "if the mismanagement of the directors has caused a loss *to the corporation*, and not to any particular general creditor, depositor, or stockholder, the liability of the directors on account thereof is an *asset of the corporation*") (emphasis original); Johnson v. Baldwin, 221 S.C. 141, 69 S.E.2d 585 (S.C. 1952); Ward v. Griffin, 295 S.C. 219, 367 S.E.2d 703 (S.C. Ct. App. 1988).  In this case, Plaintiff has alleged injury to Debtor under each cause of action sounding in fraud.  See In re Ahead by a Length, Inc., 100 B.R. 157, 173 (Bankr. S.D.N.Y. 1989) (finding a trustee has standing under state law to assert RICO allegations against individuals that controlled debtor as there was an allegation of injury to debtor).  Under South Carolina law, these tort actions belong to Debtor and Plaintiff has standing to assert these actions.  See Steyr-Daimler, 852 F.2d at 135; Browne, 131 S.E. at 613; Hovis v. Powers Const. Co. (In re Hoffman Assocs.), 194 B.R. 943 (Bankr. D.S.C. 1995) (allowing trustee to assert claims against insiders of debtor under actions for fraudulent conveyance and veil piercing/alter ego).

## II.    Movants' Motion Under Rule 12(b)(6)

### A.    Standard For Granting the Motions Under Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion to dismiss, the Court must take all well-pled material allegations of a complaint as admitted and view them in the light most favorable to the Plaintiff. See De Sole v. U.S., 947 F.2d 1169, 1171 (4th Cir. 1991) (citing Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848 (1969)).  A Rule 12(b)(6) motion should not be granted unless it "appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved at trial in support of his claim."  Rogers v. Jefferson Pilot Life Insurance Co., 883 F.2d 324, 325 (4th Cir. 1989) (citing Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)).  The function of a motion to dismiss is to test "the sufficiency of a complaint; importantly

it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." See Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir.1993) (finding defendants face a "procedural stumbling block" when asserting affirmative defenses in a motion to dismiss since a motion to dismiss is designed to test the sufficiency of the complaint). When reviewing a motion to dismiss, it is inappropriate to consider facts outside of the Complaint as the Court's inquiry is limited to whether Plaintiffs' allegations constitute short and plain statement of claim showing that he is entitled to relief. See Colleton Regional Hosp. v. MRS Medical Review Systems, Inc., 866 F.Supp. 891, 893 (D.S.C. 1994). If facts outside of the Complaint are considered, the Motions may be considered motions for summary judgment; however, it is inappropriate to consider the Motions as one for summary judgment unless Plaintiff, as the nonmoving party, is provided an opportunity to establish triable issues of fact through discovery and the presentation of additional evidence. See Gay v. Wall, 761 F.2d 175, 177-78 (4th Cir. 1985).

### B.    Application of Law to Movants' Rule 12(b)(6) Defenses

### 1.    Affirmative Defenses

Notwithstanding the general rule that affirmative defenses should not be considered on a motion to dismiss, the Fourth Circuit allows defenses to be considered if they clearly appear on the face of the complaint. See Forst 4 F.3d at 250. Movants assert that the Complaint is subject to dismissal based upon numerous affirmative defenses more fully set forth herein.

#### a.    *In Pari Delicto* and Business Judgment Rule

Movants assert that the defenses of *in pari delicto* and the business judgment rule bar Plaintiff's actions. *In pari delicto* is defined as "[t]he principle that a plaintiff who has

participated in wrongdoing may not recover damages resulting from the wrongdoing." BLACK'S LAW DICTIONARY 794 (7th ed. 1999). This doctrine precludes one joint tort-feasor from seeking indemnity from another. See Rock Hill Tel. Co. v. Globe Commc'ns, Inc., 363 S.C. 385, 389 n. 2, 611 S.E.2d 235, 237 n. 2 (2005). However, in South Carolina, wrongs of an agent are not imputed to a principal where the agent is acting adverse to the interests of the principal. See Little v. S. Cotton Oil Co., 156 S.C. 480, 483-84, 153 S.E. 462, 463 (S.C. 1930). The doctrine also does not apply when a receiver is seeking recovery of diverted funds for a corporation from the beneficiaries of wrongdoing. See Myatt v. RHBT Financial Corp., 370 S.C. 391, 635 S.E.2d 545, 548 (S.C. Ct. App. 2006).

The "'business judgment rule' immunizes management from liability in corporate transactions undertaken by management where there is a reasonable basis to indicate the transaction was made in good faith. See Kiriakides v. Atlas Food Systems & Services, Inc., 343 S.C. 587, 541 S.E.2d 257, 268 n. 32 (S.C. 2001). The business judgment rule does not apply if the corporate directors have engaged in self-dealing, fraud, or other unconscionable conduct. See Kuznik v. Bees Ferry Associates, 342 S.C. 579, 538 S.E.2d 15, 25-26 (S.C. Ct. App. 2000). On a motion to dismiss, courts have held that a plaintiff must plead around the business judgment rule to avoid dismissal. See In re Tower Air, Inc., 416 F.3d 229, 238 (3rd Cir. 2005).

Evident in the Complaint is that the Plaintiff alleges the Movants acted fraudulently[3] or otherwise engaged in self-dealing with respect to Debtor. Plaintiff's allegations, if true, preclude the application of the defenses of *in pari delicto* and the business judgment rule as Movants' interest appear adverse to Debtor. Therefore, the Court denies the Motions, to the extent they are based upon these two defenses, because these defenses do not clearly appear on the face of the Complaint and necessarily involve a factual determination of Movants' conduct. See AmeriFirst

---

[3]    The sufficiency of Plaintiff's allegations of fraud are discussed more fully herein.

Bank v. Bomar, 757 F.Supp. 1365, 1376-1377 (S.D. Fla. 1991) (questioning whether it is ever proper to consider a business judgment defense on a motion to dismiss but finding there were sufficient allegations of wrongdoing by agents to avoid dismissal); Student Finance Corp., 335 B.R. at 547 (finding a complaint should not be dismissed under the doctrine of *in pari delicto* where it appears from the allegations that there are issues of fact that would bar the application of the doctrine).

      **b.**      **Equiable Estoppel, Collateral Estoppel, Issue Preclusion, and *Res Judicata***

Movants assert that certain of Plaintiff's actions are barred based upon settlements reached by Movants with the State of California and by the Plaintiff with the State of California under the doctrines of equitable estoppel, collateral estoppel, issue preclusion, and *res judicata*. Each of these defenses is predicated on there being a sufficient similarity and relationship between the parties to and the issues in this action and those parties and issues involved in another judicial action. Plaintiff disputes certain facts that would preclude the application of these defenses. Though an enforcement action by the State of California's Department of Corporations is mentioned in the Complaint, nothing in the Complaint clearly indicates that Plaintiff's claims are barred by these defenses raised in the Motions. See Forst, 4 F.3d at 250 (affirming the trial court's denial of a motion to dismiss on grounds of *res judicata* since the defense was not clearly evident on the face of the complaint). Further, consideration of the intricacies of relationship between Plaintiff and the State of California and the causes of action brought in the Complaint and the actions asserted in a civil action outside of this District is wholly outside of the bounds of a Rule 12(b)(6) motion as the Court would necessarily have to consider facts outside of the Complaint in making a review and a determination of the force and effect of various settlement agreements and the issues involved in other proceedings.

Accordingly, the Motions are denied based upon these defenses. See Andrews v. Daw, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (noting that although the court may take judicial notice of facts from a prior judicial proceeding the defense of *res judicata* must clearly appear on face of the complaint and not involve disputed issues of fact).

### c.    Intracorporate Immunity

Scott Cathcart also asserts that Plaintiff's Twenty-First Cause of Action for civil conspiracy is barred by the doctrine of intracorporate immunity. Under this doctrine, agents of a corporation cannot be liable for conspiring with the corporation because a corporation cannot conspire with itself. See State v. National Linen Service Corp., 225 S.C. 232, 815 S.E. 342, 344 (S.C. 1954) (finding a corporation cannot conspire with itself). However, South Carolina law recognizes that agents of a corporation may be liable for civil conspiracy if they conspire with one another. See Lee v. Chesterfield Gen. Hosp., Inc., 289 S.C. 6, 344 S.E.2d 379, 383 (S.C. Ct. App. 1986). In this case, Plaintiff has pled the elements necessary for civil conspiracy by alleging a conspiracy between Movants to injure Debtor, thus the action should not be dismissed at this juncture.[4] See id. (affirming the trial courts decision to not dismiss an action for civil conspiracy since it appeared that the plaintiff pled a conspiracy among the agents of the corporation). See also, Greenville Publishing Co., Inc. v. Daley Reflector, Inc., 496 F.2d 391, 399 (4th Cir. 1974) (finding agents of a corporation may be liable for conspiracy if they have an independent personal stake in the outcome).

### 2.    Failure to State a Claim

Scott Cathcart asserts that the actions sounding in fraud and predicated upon the alleged fraud should be dismissed because Plaintiff failed to plead fraud with particularity. He also

---

[4]      The sufficiency of the allegations upon which the alleged conspiracy is based is addressed more fully herein.

asserts that Plaintiff has failed to state a claim for deepening insolvency and susbstantive consolidation. Charles Cathcart and Derivium Capital (USA), Inc. assert that all causes of action must be dismissed.

In pleading his allegations, Fed. R. Civ. P. 8(a), made applicable to this proceeding by Fed. R. Bankr. P. 7008, simply requires Plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] The pleading standard under Fed. R. Civ. 8(a) is liberal and the Court should not dismiss a Complaint if it sets forth any legally cognizable claim for relief. See Bowers v. Hardwick, 478 U.S. 186, 202, 106 S.Ct. 2841, 2849, 92 L.Ed.2d 140 (1986). The Complaint should also not be dismissed merely because the Court believes that the case is legally or factually doubtful or that it is unlikely that the Plaintiff will prevail in the action on the merits. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)

For claims of fraud, Fed. R. Civ. P. 9(b), made applicable to this proceeding by Fed. R. Bankr. P. 7009, requires fraud to be pled with particularity. "The 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and content of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (citing cases). The particularity requirement of Rule 9(b) is relaxed when fraud is pled by a bankruptcy trustee. See Pardo v. Gonzaba (In re APF Co.), 308 B.R. 183, 188 (Bankr. D. Del. 2004) ("[I]n the bankruptcy context, Rule 9(b) should be interpreted liberally, particularly when the trustee is bringing the action"); 10 COLLIER ON BANKRUPTCY at ¶ 7009.03, at p. 7009-4 (Lawrence P. King et al. eds., 15th ed. Revised 1998) (citing cases). "Malice, intent,

---

[5]    Movants have not contested the sufficiency of jurisdiction, other than the allegation that Plaintiff lacks standing, or the sufficiency of Plaintiff's demand for judgment.

knowledge, and other condition of the mind of a person may be averred generally." See Fed. R.

Civ. P. 9(b). The Court should hesitate to dismiss a fraud complaint for lack of particularity if it

is satisfied that: "(1) the defendant has been made aware of the particular circumstances for

which she will have to prepare a defense at trial, and (2) the plaintiff has substantial pre-

discovery evidence of those facts." See Harrison, 176 F.3d at 784.

### a.    Claims Sounding in Fraud

### i.    Actual and Constructive Fraud under § 544(b)

Section 544(b) gives Plaintiff the same rights to avoid transfers of an interest of the

debtor in property that an actual unsecured creditor would have under applicable law.  In his

Second and Third Causes of Action, Plaintiff is seeking to avoid the transfers of Debtor's assets

to Movants under the South Carolina Statute of Elizabeth, codified at S.C. Code Ann. § 27-23-10

(West 2006), on the ground that those transfers were fraudulent.

S.C. Code Ann. § 27-23-10 provides in pertinent part:

> Every … conveyance of lands, tenements or hereditaments, goods and chattels or
> any of them … by writing or otherwise … which may be had or made to or for
> any intent or purpose to delay, hinder, or defraud creditors and others of their just
> and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures must
> be deemed and taken … to be clearly and utterly void, frustrate and of no effect,
> any pretense, color, feigned consideration, expressing of use, or any other matter
> or thing to the contrary notwithstanding.

Under a fraudulent transfer theory, an existing creditor may avoid a transfer if it can

establish three things: "(1) the transfer was made by the grantor with the actual intent of

defrauding its creditors; (2) the grantor was indebted at the time of the transfer; and (3) the

grantor's intent is imputable to the grantee." In re J.R. Deans Co., 249 B.R. 121, 130 (Bankr.

D.S.C. 2000) (quoting Mathis v. Burton, 460 S.E.2d 408, 408 (Ct. App. 1993).  Under a

constructive fraud theory, an existing creditor may avoid a transfer if it can establish that:

(1) the grantor was indebted to him at the time of the transfer; (2) the conveyance was voluntary; and (3) the grantor failed to retain sufficient property to pay the indebtedness to the plaintiff in full – not merely at the time of the transfer, but in the final analysis when the creditor seeks to collect his debt.

Id.

In support of his claim for actual fraud under S.C. Code Ann. § 27-23-10, Plaintiff alleges the following:

1)      the transfers of Debtor's assets to or by the Individual Defendants[6] were made with the intent to disturb, hinder, delay, or defraud the rights of creditors of Debtor including without limitation transfers of the Net Proceeds[7] to the Individual Defendants and/or to entities in which the Individual Defendants own a beneficial interest;

2)      the transfers of Debtor's assets to or by the Corporate Defendants[8] were made with the intent to disturb, hinder, delay, or defraud the rights of creditors of Debtor and such intent is imputable to the grantee of such transfers;

3)      Debtor was indebted at the time of the transfers; and

4)      the transfers were made to an insider.

In support of his claim for constructive fraud under S.C. Code Ann. § 27-23-10, Plaintiff alleges the following:

1)      Debtor's assets were transferred to or by the Individual Defendants and/or the Corporate Defendants, including without limitation transfers of the Net Proceeds to the Individual Defendants and/or to entities in which the Individual Defendants own a beneficial interest;

---

[6]      The "Individual Defendants" are defined in the Complaint as Charles Cathcart, Scott Cathcart, and Yuri Debevc.
[7]      "Net Proceeds" is a defined term in the Complaint.
[8]      The "Corporate Defendants" are defined in the Complaint as Veristeel, Inc, Veridia Solutions LLC, and Derivium Capital (USA), Inc.

2)      Debtor was indebted at the time of the transfers;

3)      Such transfers were made to an insider;

4)      Debtor failed to retain sufficient property to repay its debts at all times relevant

hereto; and

5)      Such transfers were made for no or nominal consideration and were voluntary.

Because Plaintiff alleges fraud, his claim is subject to Rule 9(b) which requires that he

plead fraud with particularity.  Harrison v. Westinghouse Savannah River Co., 176 F.3d. 776,

784 (4th Cir. 1999).  The Complaint must specify the details of the alleged fraud – including, for

example, the time, place, particular individuals involved, and specific conduct at issue.  See id.;

see also Luce v. Edelstein, 802 F.2d 49, 54 n.1 (2d Cir. 1986).  Rule 9(b) has four purposes: (1)

the rule ensures that the defendant has sufficient information to formulate a defense by putting it

on notice of the conduct complained of; (2) the rule exists to protect defendants from frivolous

suits; (3) the rule eliminates fraud actions in which all the facts are learned after discovery; and

(4) the rule protects defendants from harm to their goodwill and reputation.  Harrison, 176 F.3d at

784.

This Court is not satisfied that Plaintiff's Complaint meets the heightened standard of

Fed. R. Civ. P. 9(b) with respect to these claims.  While malice, intent, knowledge, and other

conditions of the mind of a person may be averred generally, the remaining allegations of the

claim must be pled with specificity.  The Complaint fails to allege specific facts to support a

claim for violation of § 27-23-10.  Specifically, Plaintiff has failed to allege the approximate

dates of the transfers and the particular individuals or entities involved.[9]  Plaintiff's Complaint

---

[9]      Further, Plaintiff has failed to specify those creditors with allowed claims that provide him with standing to
assert this Statute of Elizabeth action.  Section 544(b) gives Plaintiff no independent power to challenge an allegedly
invalid transfer.  Plaintiff's rights are dependent upon the rights of actual creditors possessing claims that are
allowable in bankruptcy.  Thus, the Court must make an initial determination of whether there is a creditor with an

sets forth only conclusory allegations, which do not give Movants sufficient notice of the grounds upon which the Trustee's claim rests.[10]

For these reasons, the Court grants the Motion with respect to the § 544(b) causes of action, but Plaintiff shall be given leave to amend his Complaint with regard to his § 544(b) claims against Movants to conform properly to the requirements under Rule 9(b), F.R.C.P.

### ii.    Actual and Constructive Fraud under § 548

Plaintiff's Fifth and Sixth Causes of Action allege claims for actual fraud under § 548(a)(1)(A) and constructive fraud under § 548(a)(1)(B). A trustee may bring an action under § 548 to avoid any transfer of an interest of the debtor in property made within one years before the date of the filing of the petition. The statute sets forth the elements that need to be proven in order for Plaintiff to avoid the transfer under each part.[11]

Plaintiff has alleged the following in support of his § 548(a)(1)(A) claim:

---

allowed claim who provides the Trustee standing to assert the Statute of Elizabeth action. In re J.R. Deans Co., 249 B.R. at 129.

[10]    Plaintiff argues that a more relaxed standard of pleading should apply to their fraud claims, citing Sigmon v. Esposito, 2002 Bankr. LEXIS 1876, *5 (Bankr. W.D.N.C.2002) (unpublished). The rationale for relaxing the particularity requirement for a trustee is that he inevitably has a lack of knowledge concerning the acts of fraud committed against the debtor, a third party. Even if the Court were to apply a relaxed standard, a complaint like Plaintiff's, which fails to allege any specific facts supporting an inference of knowledgeable participation by Movants in the alleged fraud, would not satisfy even a relaxed standard.

[11]    Section 548, effective prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, provides in pertinent part:

(a) (1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily –

    (A)  made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

    (B)  (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

    (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

        (II)  was engaged in business or a transaction or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

        (III)  intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

1)      Within one year before the filing of the Petition, the Individual Defendants and/or Corporate Defendants were the transferees of the property of the Debtor.

2)      Such transfers were made with the actual intent to hinder, delay, or defraud creditors of the Debtor.

In support of his § 548(a)(1)(B) claim, Plaintiff has alleged the following:

1)      Within one year before the filing of the Petition, the Individual Defendants and/or Corporate Defendants were the transferees of property of the Debtor;

2)      The Debtor received inadequate consideration for said transfers;

3)      The Debtor was insolvent on the date of such transfers and retained insufficient capital to honor its debts and obligations.

A claim for actual fraudulent transfer pursuant to § 548(a)(1)(A) must satisfy the particularity requirements of Fed. R. Civ. P. 9(b). See Unsecured Creditors' Committee of Verestar, Inc. v. American Tower Corp. (In re Verestar, Inc.), 343 B.R. 444, 477 (Bankr. S.D.N.Y. 2006). However, because the claim for constructive fraud under § 548(a)(1)(B) is based on the transferor's financial condition and the sufficiency of consideration provided by the transferee, rather than fraud, the pleading with particularity requirement of Rule 9(b) does not apply to the § 548(a)(1)(B) cause of action. See In re Ticketplane.com, 313 B.R. 46, 68 (Bankr. S.D.N.Y. 2004) (citing cases).

In this case, the Court finds that the allegations with respect to the § 548(a)(1)(A) cause of action fail to satisfy the particularity requirements of Rule 9(b). Specifically, the Complaint merely tracks the language of the statute and fails to specify with particularity facts in support of the allegations. Accordingly, the Court grants the Motion with respect to the § 548(a)(1)(A)

cause of action, but Plaintiff shall be given leave to amend his Complaint with regard to this claim to conform properly with the requirements under Fed. R. Civ. P. 9(b).

The Court, however, finds that the allegations set forth in the § 548(a)(1)(B) cause of action are sufficient to state a claim because the heightened particularity requirement does not apply. If these allegations are true, Plaintiff would be entitled to avoid the transfer pursuant to § 548(a)(1)(B). Accordingly, the Court denies the Motion with respect to the Trustee's Sixth Causes of Action.

### iii. Constructive Trust

In the Fourteenth Cause of Action, Plaintiff asks that the Court to recognize a constructive trust on Debtor's property currently held by Movants for the benefit of Debtor on the grounds that Movants acquired such property under circumstances making it inequitable for Movants to retain the property without paying for it. This Court has previously summarized the South Carolina law regarding constructive trusts:

> A constructive trust results from fraud, bad faith, abuse of confidence or violation of a fiduciary duty which gives rise to an obligation in equity to make restitution. Searson v. Webb, 208 S.C. 454, 38 S.E.2d 654 (1946), cited in Lollis v. Lollis, 291 S.C. 525, 354 S.E.2d 559 (1987)....Where a party obtains legal title to property which he is not equitably entitled to retain against another who obtains beneficial ownership, then a constructive trust will be imposed by operation of law to protect the interest of the beneficial owner. Wolfe v. Wolfe, 215 S.C. 530, 56 S.E.2d 343 (1949). The test employed by South Carolina courts in deciding whether a constructive trust should be imposed is simply whether the contested property is acquired under circumstances rendering it inequitable that the property should be retained by the holder of bare legal title as against the equitable owner.

In re Blackwell, C/A No. 98-02748, 1998 WL 2017334, at *3 (Bankr. D.S.C. Sept. 2, 1998).

Plaintiff alleges that the Movants engaged in conduct constituting fraud, bad faith, abuse of confidence or violation of fiduciary duty with respect to the Debtor and acquired Debtor's property pursuant to this conduct. However, this action is not necessarily predicated on a finding

of actual fraud by Movants.  See SSI Medical Services, Inc. v. Cox, 301 S.C. 493, 392 S.E.2d

789, 793-794 (S.C. 1990) (holding "[a] constructive trust arises whenever a party has obtained

money which does not equitably belong to him and which he cannot in good conscience retain or

withhold from another who is beneficially entitled to it as where money has been paid by

accident, mistake of fact, or fraud, or has been acquired through a breach of trust or the violation

of a fiduciary duty").  The Court finds that the factual allegations, if true, would indicate that the

Debtor's property was acquired by Movants under circumstances making it inequitable for

Movants to retain such property without paying for it.  Accordingly, the Court finds that the

Trustee has alleged sufficient facts to state a claim for a constructive trust and thus denies

Movants' Motions with respect to this cause of action.

     iv.    **Deepening Insolvency**

     Plaintiff's Twentieth Cause of Action is one against Charles Cathcart and Scott Cathcart,

as members of Debtor, under the theory of deepening insolvency.  Movants assert that the claim

should be dismissed because it is not a recognized claim under South Carolina law or is

otherwise duplicative of other claims.  Scott Cathcart also asserts that the claim should be

dismissed because Plaintiff has failed to plead fraud with the requisite particularity.

     The Court has not identified a case within this District recognizing this cause of action;

however, the action is a recognized cause of action in some jurisdictions and is an action that has

received growing acceptance in the federal judiciary.  See In re LTV Co., 333 B.R. 397, 421-422

(Bankr. N.D. Ohio 2005) (citing cases and holding "[a] defendant may be liable for "deepening

insolvency" where the defendant's conduct, either fraudulently or even negligently, prolongs the

life of a corporation thereby increasing the corporation's debt and exposure to creditors.").  The

fact that the action has not be previously reported in this District is not grounds alone to dismiss

the action especially considering the heightened fiduciary duty placed upon shareholders of a corporation once the corporation is insolvent. See Hoffman Assocs., 194 B.R. at 964 (finding a fiduciary duty by a director switches from the stockholders to creditors upon insolvency); See Sentara Virginia Beach Gen. Hosp. v. LeBeau, 182 F.Supp.2d 518, 524 (E.D. Va. 2002); 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 692 (3d ed. 2004) (stating that the court should not dismiss a complaint merely because the theory of recovery is novel).

The claim is also not duplicative of other claims brought by Plaintiff. See Verestar, 343 B.R. at 477 (dismissing a claim for deepening insolvency as duplicative of other tort claims). A plain reading of the Complaint indicates that Plaintiff's deepening insolvency claim relates to damages sustained by Debtor as a result of the individual Movants allegedly wrongfully prolonging the corporate life of Debtor and causing it to incur additional liabilities; whereas, Plaintiff's breach of fiduciary duty claim appears primarily aimed at recovering distributions to Movants that caused insolvency.

Therefore, the Motions are denied to the extent they seek dismissal of this cause of action as Plaintiff has alleged a colorable claim for deepening insolvency that is not duplicative of other claims. See LTV, 333 B.R. at 422 (finding that an action for deepening insolvency should survive a motion to dismiss along with actions for breach of duty of care and duty of loyalty); Student Finance Corp., 335 B.R. at 548 (finding a trustee had standing to assert a claim for deepening insolvency based upon alleged injury to debtor). However, the action is one predicated on fraud and thus, for the reasons set forth above, Plaintiff shall amend his Complaint as Plaintiff has not pled with particularity facts supporting an allegation that Movants fraudulently expanded Debtor's corporate debt causing injury to Debtor. See Official Committee

of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340, 347 (3d Cir. 2001) (holding a claim for deepening insolvency must involve an injury to debtor's corporate property from the fraudulent expansion of corporate debt and prolongation of corporate life).

### v.    Civil Conspiracy

Scott Cathcart alleges that Plaintiff's Twenty First Cause of Action for civil conspiracy is based on Plaintiff's allegations of fraud and must be dismissed because the fraud is not pled with sufficient particularity.   The Court finds that this action does not sound in fraud but nevertheless should be dismissed pursuant to applicable case law.

To state a cause of action for civil conspiracy Plaintiff must allege: 1) there was a combination of two or more persons; 2) conspiring for the purpose of injuring Debtor; and 3) which caused Debtor special damages. See Lee, 289 S.C. at 10.  In support of his claim, Plaintiff alleges:

1)    The transfers of the Debtor's assets by the Individual Defendants and the scheme set forth caused the Debtor to become increasingly insolvent and were for the purpose of defrauding the creditors of the Estate and the Debtor.

2)    The Individual Defendants conspired with one another for the purpose of transferring the assets of the Debtor for their own benefit.

3)    In furtherance of the conspiracy, the Individual Defendants used the assets of the Debtor in furtherance of their own personal business opportunities and to the detriment of the Debtor and its creditors.

4)    As a result of such conspiracy, the Debtor and its creditors have been harmed and have suffered special damages.

A civil conspiracy is not necessarily one predicated on a wrongful act, such as fraud. See id. This action does not appear to be based on Movants' alleged fraud so the Court finds that Plaintiff does not need to meet the heightened standard of Fed. R. Civ. P. 9(b). However, these allegations essentially duplicate allegations of conversion and breach of duty of good faith, care, and loyalty made in Plaintiff's Twelfth, Thirteenth, Seventeenth, Eighteenth, Nineteenth, and Twentieth Causes of Action as well as Plaintiff's actions for avoidance under theories of actual and constructive fraud. Except for the alleged special damages, Plaintiff's damages under this action are also the same as damages sought under other causes of action. A cause of action for civil conspiracy cannot be sustained where the complaint merely re-alleges facts supporting other causes of action with conculsory allegations of a conspiracy. See Robinson v. Metts, 86 F.Supp.2d 557, 563 (D.S.C. 1997). Plaintiff has not sufficiently stated additional facts supporting a claim for civil conspiracy and therefore the action should be dismissed. See id., Todd v. S.C. Farm Bureau Mut. Ins. Co., 276 S.C. 284, 278 S.E.2d 607, 611 (S.C. 1981) (finding trial court erred in overruling demurrer where complaint did nothing more than state facts supporting other alleged causes of actions); Vaught v. Waites, 300 S.C. 201, 387 S.E.2d 91, 95, (S.C. Ct. App. 1989).

### vi.    RICO

Charles Cathcart and Scott Cathcart also assert that Plaintiff's action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") is based upon his allegations of fraud and must be dismissed because fraud is not pled with particularity. 18 U.S.C. § 1962 requires Plaintiff to allege 1) that the Movants 2) through the commission of two or more acts 3) constituting a "pattern" 4) of "racketeering activity" 5) directly or indirectly invests in, or

maintains an interest in, or participates in 6) an "enterprise" and 7) the activities of which affect interstate or foreign commerce.

The Motions test the sufficiency of Plaintiff's allegations of "racketeering activity" and the Movants' participation in such activity. Plaintiff generally alleges that Movants' racketeering activity consisted of mail fraud, wire fraud, bank fraud, money laundering, bankruptcy fraud, and/or any other fraudulent or unlawful activity that Plaintiff may discover. For reasons set forth above, Plaintiff's Complaint lacks the requisite particularity in that it fails to identify specific facts supporting these allegations of fraud and it fails to detail Movants participation in the fraud. See Gentry v. Yonce, 337 S.C. 1, 522 S.E.2d 137, 140 (S.C. 1999) (finding a RICO allegation is subject to Rule 9(b) if the predicate acts were acts of fraud). Plaintiff is given leave to amend his Complaint to set forth with particularity facts supporting his allegations of fraud.

### vii.    Subordination of Claims

Plaintiff's final cause of action is for subordination of Movants' claims pursuant to 11 U.S.C. § 510(c). Scott Cathcart asserts that the claim must be dismissed because the Plaintiff has failed to plead fraud with specificity.

To equitably subordinate Movants' claims Plaintiff must demonstrate: 1) Movants must have engaged in some type of inequitable conduct;[12] 2) misconduct must have resulted in injury to creditors of Debtor or conferred unfair advantage on Movants; and 3) equitable subordination of claim must not be inconsistent with provisions of Bankruptcy. See U.S. v. Noland, 517 U.S. 535, 116 S.Ct. 1524, 1526, 134 L.Ed.2d 748 (1996). "The inequitable conduct of the claimant under § 510(c) generally involves conduct such as fraud, breach of fiduciary duty, illegality, under-capitalization, or use of the Debtor as an alter ego." Hoffman Assoc., 194 B.R. at 965.

---

[12]    Prior to U.S. v. Noland, the Fourth Circuit expressed the first factor as "fraudulent conduct" on the part of the claimant. See EEE Commercial Corp. v. Holmes ( In re ASI Reactivation, Inc.), 934 F.2d 1315, 1321 (4th Cir.1991)

Virtually any conduct which causes an insider to gain an advantage over other creditors is inequitable conduct for purposes of 11 U.S.C. § 510(c).  See id.  The pleading of fraud or wrongful conduct is not necessary for a claim of equitable subordination.  See In re Systems Impact, Inc., 229 B.R. 363, 372 (Bankr. E.D. Va. 1998).  In this case, although Plaintiff's allegations are insufficient for an allegation of fraud under Fed. R. Civ. P. 9(b), Plaintiff has sufficiently pled that Movants engaged in inequitable conduct pursuant to the more liberal standard of Fed. R. Civ. P. 8(a).  Plaintiff's allegations, if true, would indicate that Movants gained an unfair advantage over other creditors by diverting Debtor's assets to the detriment of Debtor's creditors, thus supporting a claim for equitable subordination.  See Hoffman Assoc., 194 B.R. at 965.

### b.     Actions not sounding in fraud

### i.     Substantive Consolidation

Scott Cathcart moves to dismiss Plaintiff's Twenty-Third Cause of Action for substantive consolidation on grounds that Plaintiff has failed to state a claim for substantive consolidation. Charles Cathcart and Derivium Capital (USA), Inc. assert that there is no basis in law for this cause of action.

Substantive consolidation is an action allowed by the broad equitable powers of 11 U.S.C. § 105.  See Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 218, 61 S.Ct. 904, 85 L.Ed. 1293 (1941) (affirming the lower court's order consolidating the estate of debtor with that of another entity); Stone v. Eacho, 127 F.2d 284 (4th Cir. 1942), In re Bonham, 226 B.R. 56, 75 (Bankr. D. Alaska 1998) (consolidating the estate of a non-debtor with that of the debtor *nunc pro tunc*) (aff'd Alexander v. Compton (In re Bonham), 229 F.3d 750 (9th Cir. 2000)).  This Court has previously utilized the test adopted in the Second Circuit to determine whether to

substantively consolidate a debtor's estate with a related entity. See In re In re Keene Properties of South Carolina, C/A No. 04-06897-W, slip op. (Bankr. D.S.C. Dec. 4, 2004) (citing Augie/Restivo Banking Co. Ltd, 860 F.2d 515, 518 (2nd Cir. 1988)). Under this test, substantive consolidation is appropriate when 1) creditors dealt with the entities as a single economic unit and did not rely on separate identities in extending credit or 2) when the affairs of the debtor are so entangled that consolidation will benefit all creditors. See id. A cause of action for substantive consolidation may be dismissed from a complaint if there are insufficient allegations of entanglement or creditor reliance. See Verestar, Inc., 343 B.R. at 462-463.

In this case, Plaintiff has sufficiently alleged a substantial pre-petition entanglement of Debtor's and Movants' financial interest so that substantive consolidation may be an appropriate remedy, if the allegations are true. Plaintiff has also sufficiently made allegations of alter ego behavior and intermingling of assets to show that substantive consolidation would be fair and just. See Bonham, 226 B.R. at 95. Therefore, the Court denies the Motions based upon Plaintiff's alleged failure to properly plead a claim for substantive consolidation.

### ii.    Remaining Actions

Plaintiff's remaining causes of action under the Bankruptcy Code and under state law are properly pled under Fed. R. Civ. P. 8(a) and therefore the Court denies the Motions to the extent Movants seek dismissal of the remaining causes of action under Fed. R. Civ. P. 12(b)(6).

## II.    Movants' Motion Under Rule 12(b)(7)

Movants assert that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) because Plaintiff has failed to join Bancroft and Diversified Design Associates as defendants to the action pursuant to Fed. R. Civ. P. 19. According to Plaintiff's Complaint, these entities are controlled by Movants and allegedly received Debtor's assets and transferred the

assets to Movants or entities in which Movants had a beneficial interest.   Plaintiff disputes

Movants assertion that these parties are necessary to this action.

"Rule 19 creates a two-step inquiry: first, whether a party is necessary to a proceeding

because of its relationship to the matter under consideration;[13] and second, if a necessary party is

unavailable, whether the proceeding can continue in that party's absence.[14]"   See Teamsters

Local Union No. 171 v. Keal Driveway Co., 173 F.3d 915, 917-918 (4th Cir. 1999).   If the party

is indispensable and cannot be joined then the action should be dismissed.   See id. at 918.

Dismissal is a drastic remedy and though Fed. R. Civ. P. 19 is framed as a multi-part test, the

Court should proceed pragmatically based upon the facts of the case.   See id.   "The federal rules,

however, do not authorize a defendant to compel an unwilling plaintiff to assert a claim against a

second defendant....   The most that the defendant can do is argue that complete relief cannot be

afforded without joinder of the second defendant."   See Stanley v. Darlington County School

District, 84 F.3d 707, 714 (4th Cir. 1996).

---

[13]      A party is necessary and "shall be joined' if

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims
an interest relating to the subject of the action and is so situated that the disposition of the action in the person's
absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of
the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent
obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

[14]      Under this second inquiry,

[i]f a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether
in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the
absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what
extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;
second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the
prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate;
fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

In this case, Movants generally assert that Bancroft and Diversified Design Associates are indispensable. However, it does not appear that proceeding with this litigation would subject these parties or the Movants to competing liabilities or that the interest of the non-joined entities would be impaired. At most, these entities appear from the Complaint to be joint-tortfeasors. There is no indication that Plaintiff cannot receive complete relief without these parties and therefore the Motions are denied to the extent they are based upon Fed. R. Civ. P. 12(b)(7). See State of Georgia v. Pennsylvania R. Co., 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051 (1945) (finding a co-conspirator is not an indispensable party); Herpich v. Wallace, 430 F.2d 792, 817 (5th Cir. 1970) (finding joint "tortfeasors or co-conspirators are not persons whose absence from case will result in dismissal for nonjoinder").

## IV.    Summary Judgment

Finally, Movants request, to the extent the Court looks beyond the pleadings, that the Court treat the Motions as motions for summary judgment. Fed. R. Civ. P. 56(c), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056, provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is a favored mechanism "to secure the 'just, speedy and inexpensive determination' of a case." Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1322-23 (4th Cir. 1995) (quoting Fed. R. Civ. P. 1). However, summary judgment is generally appropriate only after adequate time for discovery. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). It is inappropriate to grant summary judgment unless Plaintiff, as the nonmoving party, is provided an opportunity to discover information that is

essential to his opposition. _See id._ As the Scheduling Order was entered a few weeks prior to the hearing on the Motions and the discovery period has not yet expired, it is premature to treat Movants' Motions as motions for summary judgment and therefore, to the extent that the Motions are based on Fed. R. Civ. P. 56, they are denied with leave to re-file upon completion of discovery. _See Gay_, 761 F.2d at 177-178.

## V.    Leave to Amend

Although the Court finds that several of Plaintiff's claims are defective under Fed. R. Civ. P. 9(b), the Court declines to dismiss these claims with prejudice. Rule 9(b) must be read in light of the liberal amendment provisions contained in Fed. R. Civ. P. 15. _See Madison River Management Co. v. Business Management Software Corp._ 351 F.Supp.2d 436, 447-448 (M.D.N.C. 2005). Rule 15(a) gives courts the discretion to allow amendment of pleadings when justice so requires. _See Zenith Radio Corp. v. Hazeltine Research, Inc._, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). "Courts reading these two rules together have, in most instances, granted leave to amend the deficient pleading in lieu of dismissal with prejudice." _Madison River Management_, 351 F.Supp. at 448 (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1300 (3d ed. 2004)). Although Rule 15(a) does not set a firm deadline by which an amendment must be completed, the Court finds that such a deadline must be consistent with the interest of justice. Considering the complicated facts of this case, the Court finds that twenty (20) days is a reasonable and just time for Plaintiff to submit an amended complaint.

## CONCLUSION

Based upon the foregoing, the Motions are granted in part and denied in part. Plaintiff's action for civil conspiracy is dismissed. Plaintiff shall have twenty (20) days from the entry of

this Order to amend his Complaint pursuant to the findings of this Order.  Movants remaining

requests for relief are denied as set forth herein.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
December 22, 2006